```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                                     )
ANTHONY MONDREZ THOMPSON,            )
                Petitioner,          )
                                     )
          v.                         )      CIVIL ACTION
                                     )      NO. 21-11259-PBS
JOSEPH D. MCDONALD, JR., et al.,     )
                Respondents.         )
_____)
```

SARIS, D.J.                                        August 4, 2021

### ORDER

Pro se Petitioner Anthony Mondez Thompson ("Thompson"), who is now in custody at the Plymouth County Correctional Facility, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241"). Dkt. No. 1. Thompson states that he does "not know the cause of [his] Detention and Restraint because [he has] never had any Agreement, Contract, or Contact with [the respondents]." Id. at ¶3. For relief, Thompson seeks "a hearing and inquiry into the cause of [his] detention" and "discharge from the Detention and Restraint in this application." Id. at p. 4. Thompson did not pay the $5.00 filing fee and has not sought leave to proceed in forma pauperis.

The Petition has not been served pending the court's preliminary review of the document. See 28 U.S.C. § 2243

(providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

The court will deny the Petition because Thompson has not set forth a basis for this court to exercise habeas jurisdiction. Habeas corpus review is available under Section 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Before seeking habeas relief under Section 2241, Thompson must first exhaust other available remedies. Molton v. Grondolsky, C.A. No. 13-12397-NMG, 2014 WL 3828897, at *2 (D. Mass. July 31, 2014).

Although Thompson states that he is not aware of the basis for his detention, the petition fails demonstrate how his detention violates federal law. A search of the federal Judiciary's Public Access to Court Electronic Records (PACER)

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

service reveals that Thompson is a federal pretrial detainee in a criminal matter now pending before the United States District Court for the District of Rhode Island.  See United States v. Thompson, C.R. No. 19-cr-00040-JJM-LDA-1 (pending).  In the Rhode Island criminal matter, Thompson is represented by counsel[2] and his sentencing hearing is scheduled for September 16, 2021.  Id.

Here, Thompson's challenge to his pretrial detention is a question that ought first be addressed to the presiding United States District Judge in the Rhode Island criminal matter, not through a petition for a writ of habeas corpus petition.

For the forgoing reasons, the Petition (Dkt. No. 1) for a Writ of Habeas Corpus is DENIED and this action is DISMISSED without prejudice.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[2] Thompson's CJA counsel is Jason A. Dixon-Acosta whose address is listed on the docket as 215 Broadway, Providence, RI 02903.